An assize of nuisance commenced in the Common Pleas, may be removed by *certiorari* to the Supreme Court, the judges of which have jurisdiction as justices of assize, and may if necessary resummon the same jury, who viewed the nuisance by command of the court below.

LIVEZEY and another *against* GORGAS and others.

*CERTIORARI* by the defendants to the Common Pleas of *Philadelphia* county, to remove the record in an assize of nuisance.

*Lewis* for the plaintiffs moved to quash the *certiorari,* upon the ground that the cause had been removed before the assize was taken, and that this court was not competent to take it. He said it was an undeniable rule, that if the superior court is not competent to try the cause, *certiorari* does not lie; *Skinn.* 420. *The King* v. *Wakefield* (*a*); and he contended that this court was defective in jurisdiction, both from the nature of the remedy, and the want of a competent jury. An assize is *festinum remedium;* it is to be taken only by the recognitors who had a view before the return of the writ; they are arraigned on the day the writ is returnable; the demandant is then to count, and the tenant to plead *instanter;* and it is only *ex gratia curiæ,* that there can be an adjournment to the next day. *Plowd.* 89. *Savier* v. *Lenthal* (*b*), *Saveris* v. *Briggs* (*c*). It is moreover to be taken in the proper county; and so far from there being an instance in which it has been removed to *another* court for trial, that it cannot, except by the *Stat. Westm.* 2. *c.* 3. be adjourned even into bank for difficulty, unless the jurors have given a verdict. 1 *Bac. Abr.* 251. *Assize A. Fitz. N. B.* 409. All these provisions are essential to the character of the remedy, and they are completely disappointed by removal. But how is this court to get a proper jury? The recognitors are discharged, none else can try the cause, and there is no process by which they can be brought up. The act of 22d *May* 1722 should not be deemed to give the court jurisdiction, when such difficulties result from it. They are authorized it is true to issue *certioraris* as often as occasion may require; but occasion does not require it, if they cannot try the cause; or at least it does not require it before the assize is taken. They may perhaps issue it afterwards; and as the verdict in

(*a*) 1 *Burr.* 489.          (*b*) 3 *Mod.* 273.          (*c*) *Salk.* 82.

assize is never general, but all the facts are found, they will then have an opportunity of forming their opinion upon the law. *Plowd.* 91.

*Rawle* for the defendants, argued that by the act of 1722 the judges of this court are justices of assize, as they have the jurisdiction of both the King's Bench and Common Pleas; that they are authorized to issue writs of *certiorari* as often as occasion shall require; and to remove and try all manner of pleas and plaints from inferior courts. This general power includes the particular case, unless the exercise of it is in some way repugnant to the remedy. But it is not. The proceedings are not essentially so prompt as is supposed. Instead of arraigning the assize on the return day, the recognitors may in *England* be adjourned into the Common Pleas, and the assize taken there; 3 *Bl. Comm.* 58; and if the writ is returned into the King's Bench or Common Pleas, it *must* be adjourned into the proper county for trial. So if the issue is joined on any collateral matter, and not on the very point of the assize, or if foreign matter is pleaded, then the issue is tried *in modum juratæ*, that is by a common inquest, either in the same or a foreign county, and in the meantime the assize is adjourned. 3 *Bl. Comm.* 403. *Booth* 212, 213. *Co. Ent.* 61. *Bro. Abr.* 120. *pl.* 13, 14, 16. 21. 24. The delay which is incident to a removal, is likewise to an adjournment; and the record comes to this court by the one, precisely as it would go into bank by the other. The reason why there are no precedents of removal in *England*, is because they do not use the writ of *certiorari* to remove causes for trial as we do; it is however said by *Brooke*, that *certiorari* lies to remove an assize. *Bro. Abr. Certiorari pl.* 18. The only question then is, whether the recognitors after being discharged below, may be resummoned; and of this there can be no doubt. They may be resummoned even after the assize is taken, if it has not been taken correctly; *Fitz. N. B.* 421. 423. *Booth* 289; *à fortiori* where it has not been taken at all. All that is necessary, is that at least two of those who had the view, should be upon the jury; and this court is able to resummon the whole.

1809.

LIVEZEY
v.
GORGAS.

*Lewis* in reply observed that the authority from *Brooke* was founded on *Fitzherbert's Natura Brevium*, where it appeared to be a removal after verdict and judgment; and that all the cases of resummons were by the same court.

TILGHMAN C. J. delivered the opinion of the court.

This is an assize of nuisance commenced in the Court of Common Pleas, and removed to this court by the defendant by *certiorari.* The plaintiff has moved to quash the *certiorari* as having issued irregularly.

The learned counsel for the plaintiff has thought fit to elect a remedy which has long been antiquated in *England*, and which, if ever pursued in this state, has certainly not been used more than once or twice; indeed no precedent has been shewn of its having ever been carried completely through. Lord *Mansfield* declared, that of seisin and *disseisin* very little was known except the name. I will not say quite so much of the assize of nuisance, but it is certainly a subject in which we are much in the dark. It is however our duty to administer justice to suitors, in whatever legal form they may think proper to present their claims. It cannot be denied that the remedy by assize exists, because it is expressly declared in the act of assembly 22d *May* 1722, that the Judges of the Supreme Court shall have jurisdiction as *justices of assize.* The counsel for the plaintiff founds his motion on the supposition, that if this court retain the suit, they cannot go on to try it, because the jury who viewed the nuisance while the cause was depending in the Common Pleas, have been discharged, and no other jury can decide it. It appears from the precedents which have been cited, that the recognitors of assize who had the view, and were originally returned by the sheriff, are those by whom the assize is to be taken; but it also appears that in many instances they have been discharged, and afterwards resummoned. It was said by the plaintiff's counsel that such resummons was always by the same court in which the suit was commenced. It probably is so in *England*, because there it is not the custom to remove a cause from the Common Pleas to the King's Bench for trial; but here it is different. What was the effect of the *certiorari* in this case? It prevented the Court of Common

Pleas from any further proceeding, and brought up the re-cord. On its entrance into this court, every thing stood exactly as it was in the Common Pleas, at the time of removal. If then the law be, as is supposed by the plaintiff, that the same jury who viewed the nuisance must try the assize, the court are of opinion that they have power to resummon them.

This being the only objection raised by the counsel for the plaintiff, the motion to quash the writ must be rejected.

Mr. *Lewis* took nothing by his motion.